## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Connie Tuttle,**
**Plaintiff Below, Petitioner**

**vs)  No. 14-0427** (Kanawha County 14-C-184)

**State Farm Mutual Automobile Insurance Company,**
**Mark Baire, and Samantha Baire, Defendants Below,**
**Respondents**

**FILED**

April 10, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Connie Tuttle, by counsel Travis A. Griffith, appeals the order of the Circuit Court of Kanawha County, entered March 25, 2014, that granted summary judgment in favor of Respondents, State Farm Mutual Automobile Insurance Company, Mark Baire, and Samantha Baire, on petitioner's claim to enforce an alleged settlement agreement arising from an automobile accident. Respondents, by counsel David A. Mohler and Christopher L. Edwards, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At about 8:40 a.m. on March 8, 2012, a car driven by Samantha Baire crossed the center line and struck petitioner's oncoming car. The impact caused petitioner's car to slide off the roadway and overturn. As a result, petitioner sustained injuries that required medical treatment. The law enforcement officer who investigated the accident found it was caused by Ms. Baire's negligence. The car driven by Ms. Baire was registered in the name of her father, Mark Baire. Mr. Baire's car was insured by State Farm Mutual Automobile Insurance Company ("State Farm").

Petitioner retained counsel who, on June 12, 2013, sent State Farm's claim representative, Mr. Terry Cole, a settlement demand of $44,980.92 to settle all alleged liability arising from the accident. On June 20, 2013, Mr. Cole countered with a settlement offer of $17,000. On June 28, 2013, petitioner's counsel sent a second settlement demand in the amount of $43,000 and provided documentation of petitioner's medical bills resulting from the accident that totaled $12,024.99. On July 2, 2013, Mr. Cole countered with an offer of $19,524.97.

On October 21, 2013, petitioner's counsel made a "final demand" of $40,500 which indicated that, if the demand was not met, counsel would file a lawsuit on petitioner's behalf. On

1

October 22, 2013, Mr. Cole responded by facsimile with the following: "Please be advised[,] based on the current info, I am meet your $40[,]500 counter demand. Please contact me at 304-368-3830 to discuss." That same day, petitioner's counsel, by return mail, confirmed what he believed to be petitioner's acceptance of State Farm's October 22, 2013, counteroffer. In the acceptance letter, petitioner's counsel noted his law firm's tax identification number and indicated how the settlement draft would be drawn.

The next day, Mr. Cole informed petitioner's counsel that his October 21, 2013, facsimile failed to include the words "unable to." Thus, the October 22, 2013, facsimile was intended to read: "Please be advised based on the current info, I am *unable to* meet your $40[,]500 counter demand. Please contact me . . . to discuss." Thereafter, petitioner's counsel spoke by phone with Mr. Cole. During that call, Mr. Cole again confirmed that State Farm had not increased its settlement offer to $40,500.

On January 27, 2014, petitioner filed a "Petition to Enforce Settlement" which claimed that State Farm's October 22, 2013, facsimile contained a valid settlement offer which petitioner accepted thereby creating a contract between the parties. In response, respondents filed a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Thereafter, respondents filed an affidavit signed by Mr. Cole in support of their motion. The affidavit asserted, among other things, that Mr. Cole's October 22, 2013, facsimile accidentally omitted the words "unable to" and that the facsimile was not an acceptance of petitioner's counsel's October 21, 2013, $40,500 final demand.

On March 25, 2014, the circuit court held a hearing on the matter. By order entered that same day, the circuit court granted summary judgment to respondents. The order stated that,

> The [c]ourt has considered the Petition to Enforce Settlement,[] as if it were an action to determine if a contract existed for settlement. After reviewing the affidavit of Terry Cole . . . and considering all of the matters in the circuit court file, [the court] finds by a preponderance of the evidence that:
>
> 1. a mistake in typing was made [in] the reply to the demand;
> 2. there was no meeting of the minds;
> 3. no consideration was given; and
> 4. the parties agree to disagree.
>
> Therefore, after reviewing [all documents in the case] and hearing oral arguments by both sides, the Court finds no contract existed as a matter of law; thus, there is no settlement to enforce. Accordingly, this matter is hereby DISMISSED and STRICKEN from the docket of the Circuit Court.

Petitioner now appeals the circuit court's March 25, 2014, order.

Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment should be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." Thus, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). We accord a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We note, as well, that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.]*, 477 U.S. [242] at 252, 106 S.Ct. [2505] at 2512, 91 L.E.2d [202] at 214 [1986]." *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 60, 459 S.E.2d 329, 337 (1995).

Petitioner raises five assignments on appeal. Petitioner first argues that the circuit court erred in converting respondents' motion to dismiss into a motion for summary judgment without first providing notice to petitioner. We have said,

> When a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is converted into a motion for summary judgment, the requirements of Rule 56 of the West Virginia Rules of Civil Procedure become operable. Under these circumstances, a circuit court is required to give the parties notice of the changed status of the motion and a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. In this way, no litigant will be taken by surprise by the conversion. The absence of formal notice will be excused only when it is harmless or the parties were otherwise apprised of the conversion. Once the proceeding becomes one for summary judgment, the moving party's burden changes and the moving party is obliged to demonstrate that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Syl. Pt. 5, *Riffle v. C.J. Hughes Constr. Co.*, 226 W.Va. 581, 703 S.E.2d 552 (2010).

As we said in *Riffle*, the absence of a formal notice of the conversion of a motion to dismiss into a motion for summary judgment will be excused when it is harmless or the parties were otherwise apprised of the conversion. In this case, the absence of formal notice to petitioner of the circuit court's conversion of respondents' motion to dismiss into a motion for summary judgment was harmless because petitioner was apprised of the conversion by respondents' submission of Mr. Cole's affidavit to the circuit court. In fact, in petitioner's response to respondents' motion to dismiss, petitioner alleged that respondents' motion was actually a motion for summary judgment. Additionally, during the March 25, 2014, hearing on this matter, the circuit court gave the parties a reasonable opportunity to present all material pertinent to a motion for summary judgment and the opportunity to argue their cases. Accordingly, we find that the circuit court complied with *Riffle* in all respects. Thus, petitioner was not taken by surprise or prejudiced by the circuit court's conversion of respondent's motion to dismiss into a motion for summary judgment.

3

Petitioner next argues that the circuit court erred in granting summary judgment without providing sufficient time for discovery. "As a general rule, summary judgment is appropriate only after the parties have had adequate time to conduct discovery." *Elliott v. Schoolcraft*, 213 W.Va. 69, 73, 576 S.E.2d 796, 800 (2002). That said, pursuant to Syllabus Point 1, in part, of *Powderidge Unit Owners Association v. Highland Properties, Ltd.*, 196 W.Va. 692, 474 S.E.2d 872 (1996), a party opposing summary judgment on the ground of insufficient time for discovery must, at a minimum, satisfy the following four requirements:

> (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

*Id.* at 695, 474 S.E.2d at 875. In the instant case, petitioner fails to identify any disputed material fact or articulate how further discovery would have created a dispute of material fact. Thus, petitioner cannot satisfy the first or third prongs of *Powderidge*.

Petitioner also argues that she should have been given the opportunity to "question" Mr. Cole at the hearing on this matter. However, she does not set forth any basis for believing that such questioning would have revealed new information or caused Mr. Cole to change his position regarding the typographical error in his October 21, 2013, facsimile. Accordingly, petitioner cannot advance any legitimate reason as to how additional discovery would have created a dispute of material fact. As such, we find the circuit court did not err in failing to allow additional time for discovery.

Petitioner's third assignment of error is that the circuit court's order does not set out sufficient findings of fact or conclusions of law to permit meaningful review by this Court. We have said that a circuit court granting summary judgment must set forth specific findings of fact and conclusions of law so that this Court may "determine whether the stated reasons for the granting of summary judgment by the lower court are supported by the record." *Fayette Cnty. Nat'l Bank v. Lilly*, 199 W. Va. 349, 353, 484 S.E.2d 232, 236 (1997). In the instant case, we find that the order on appeal, although abbreviated, sufficiently explains the circuit court's reasons for granting summary judgment to respondents. Specifically, the circuit court provided the factual basis for its ruling, i.e., there was a "mistake in typing." Moreover, the circuit court explained that the "mistake in typing" meant there was no meeting of the minds between the parties and, thus, no settlement contract was formed between them. Hence, we find no error.

Petitioner next argues that the circuit court erred in finding that there was no meeting of the minds between the parties given that the alleged mistake was a unilateral mistake, for which the drafter of the document—Mr. Cole on behalf of State Farm—bears the burden. A unilateral mistake is defined as "[a] mistake by only one party to a contract." Black's Law Dictionary 1154 (10th ed. 2014). This Court has said that a unilateral mistake of a party to a contract will not

remove the effects of an agreement. *See, e.g., Ohio Farmers Ins. v. Video Bank, Inc.*, 200 W.Va. 39; 488 S.E.2d 39 (1997); *Eye v. Nichols*, 137 W.Va. 75, 70 S.E.2d 264 (1952). However, we have also said that the acceptance of a contract must be clear and unequivocal in order to be effective. *See Stark Elec., Inc. v. Huntington Hous. Auth.*, 180 W.Va. 140, 142, 375 S.E.2d 772, 774 (1988) ("It is rather universally accepted that where an offer is made and the person accepting the offer does not do so unequivocally, but conditions his acceptance, then no binding contract arises."). We have also said that, '[s]ince a compromise and settlement is contractual in nature, a definite meeting of the minds of the parties is essential to a valid compromise, since a settlement cannot be predicated on equivocal actions of the parties.'" *O'Connor v. GCC Beverages, Inc.*, 182 W.Va. 689, 691, 391 S.E.2d 379, 381 (1990) (quoting 15A C.J.S. *Compromise & Settlement*, § 7(1) (1967)). Here, Mr. Cole did not render a clear and unequivocal acceptance of petitioner's final settlement offer, nor does Mr. Cole's typographical "mistake" automatically turn his response into an acceptance of that offer. Accordingly, we find that the circuit court did not err in finding that there was no meeting of the minds between the parties in regard to petitioner's final settlement demand.

Petitioner's fifth and final assignment of error is that the circuit court erred in basing its grant of summary judgment on respondents' "sham" affidavit from Mr. Cole. Petitioner claims that Mr. Cole's affidavit is a "sham" because it contradicted Mr. Cole's alleged acceptance of petitioner's final settlement offer. We reject this argument based on our finding that the circuit court did not err when it determined that there was no meeting of the minds in regard to a settlement offer in this case. Thus, Mr. Cole never accepted petitioner's offer. Accordingly, we find no error.

For the foregoing reasons, we affirm the circuit court's March 25, 2014, order.

Affirmed.

**ISSUED:** April 10, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5